**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHENBANG WANG,<br><br>             Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>             Respondent. | No. 11-73393<br><br>Agency No. A099-730-256<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Zhenbang Wang, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

agency's factual findings, applying the standards governing adverse credibility

determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034,

1039-40 (9th Cir. 2010). We deny the petition for review.

Wang claims he was persecuted because he photographed Falun Gong

practitioners and collected pro-Falun Gong materials while on a trip in France, and

mailed these materials to himself in China. Substantial evidence supports the

BIA's adverse credibility determination based on inconsistencies regarding where

Wang saw the Falun Gong practitioners, why he mailed the Falun Gong materials

to China, and the timing of his departure from France, as well as the implausibility

of his account of developing and mailing the photographs. *See id*. at 1048 (adverse

credibility determination was reasonable under the REAL ID Act's "totality of the

circumstances" standard). The agency reasonably rejected Wang's explanations

for the inconsistencies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir.

2007). Without credible testimony, Wang's asylum and withholding of removal

claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Wang's CAT claim also fails because it is based on the same

testimony found not credible, and he does not point to any other evidence that

shows it is more likely than not he would be tortured if returned to China. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**